# STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**FILED**

April 18, 2014

RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**LLOYD E. HARRELL JR,**
**Claimant Below, Petitioner**

**vs.) No. 12-1080**  (BOR Appeal No. 2047075)
　　　　　　　　　(Claim No. 2010113496)

**WHITE CONSTRUCTION, INC.,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner Lloyd E. Harrell Jr., by Reginald D. Henry, his attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. White Construction, Inc., by Michael N. Watson, its attorney, filed a timely response.

This appeal arises from the Board of Review's Final Order dated August 22, 2012, in which the Board affirmed a March 29, 2012, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges reversed the claims administrator's June 29, 2011, decision denying Mr. Harrell's request for a reopening of this claim on a temporary total disability basis. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Mr. Harrell was employed as an iron worker for White Construction, Inc. On October 8, 2009, he sustained an injury to both knees when a windmill blade overturned. Greenbrier Valley Medical Center released Mr. Harrell to return to work on the day of his injury and he continued to work over forty hours a week until his employment with White Construction, Inc., ended on October 28, 2009. Mr. Harrell's claim was held compensable for bilateral knee contusions on a no lost time basis. Later, right meniscus tear and a left meniscus tear were added as compensable conditions. S. Brett Whitfield, M.D., performed a surgical arthroscopy of Mr. Harrell's left knee with debridement of the lateral and medial meniscus tears on June 15, 2011. Dr. Whitfield performed a surgical arthroscopy of Mr. Harrell's right knee with debridement of the medial and

lateral meniscus tear on September 7, 2011. Mr. Harrell filed a reopening application requesting temporary total disability benefits due to his knee surgery. The claims administrator denied his request for a reopening of the claim on a temporary total disability basis.

The Office of Judges reversed the claims administrator's Order and held that the preponderance of the evidence established that Mr. Harrell's condition had progressed, that he was entitled to a reopening on a temporary total disability basis, and that he was temporarily and totally disabled beginning on June 15, 2011. The Board of Review affirmed the Office of Judges' Order. Mr. Harrell disagrees and asserts that probative evidence in the record establishes that he is entitled to additional temporary total disability benefits beginning May 6, 2011. White Construction, Inc., maintains that the Office of Judges properly concluded that there was no evidence that Mr. Harrell was temporarily totally disabled prior to his surgery on June 15, 2011.

The Office of Judges determined that the evidence of record established that Mr. Harrell had shown his condition had progressed to the point where Dr. Whitfield determined that he needed surgery. The Office of Judges found that Dr. Whitfield performed the surgeries due to Mr. Harrell's meniscus tears, which are compensable conditions and therefore, entitle Mr. Harrell to temporary total disability benefits after the surgery. The Office of Judges stated that Mr. Harrell's request for temporary total disability benefits before his surgery was not supported by persuasive evidence that he was unable to work during this time period. The Office of Judges determined that Mr. Harrell was released to return to work by the hospital on the day of his injury and that he worked forty plus hours a week until his job ended. The Office of Judges found that Mr. Harrell's testimony and the letter from the United Steel Workers Union was not persuasive evidence to establish that Mr. Harrell was temporarily and totally disabled up until his surgery. The Office of Judges held that the preponderance of the evidence established Mr. Harrell's condition had progressed, that Mr. Harrell was entitled to a reopening of his claim on a temporary total disability basis, and that Mr. Harrell was temporarily and totally disabled beginning on June 15, 2011. The Board of Review reached the same reasoned conclusions in its decision of August 22, 2012. We agree with the reasoning and conclusions of the Board of Review.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED: April 18, 2014**

**CONCURRED IN BY:**
Chief Justice Robin J. Davis
Justice Brent D. Benjamin
Justice Menis E. Ketchum

Justice Allen H. Loughry II

**DISSENTING:**
Justice Margaret L. Workman